OPTICAL WORKERS' UNION LOCAL 24859 et al., Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 15460.

United States Court of Appeals Fifth Circuit.

Jan. 19, 1956.

L. N. D. Wells, Jr., Dallas, Tex., Quentin Keith, Beaumont, Tex., for petitioners.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Arnold Ordman, Atty., N. L. R. B., Washington, D. C., for respondents.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

On motion for rehearing petitioners contend that we have misconstrued their position in important respects. The opinion states that the petitioners urge that the Trial Examiner's finding that the employer was engaged in commerce within the meaning of the Act bound the Board as the law of the case. The petitioners point out that they rely instead on the Board's own finding to that effect made a year earlier in ordering an election among the employees of Rogers Brothers Wholesalers. The Board also found at that time that "it will further the purposes and policies of the Act to assert jurisdiction in the instant case." The Trial Examiner made like findings in his "intermediate Report and Recommended Order" which was adopted in part and rejected in part in the order of the Board under review here.

The principle involved in this case is not affected by a finding by the Trial Examiner or by the Board itself that the employer is engaged in commerce within the meaning of the Act. As we have indicated above, the question here is not whether the employer is so engaged—a point apparently conceded by the Board—but whether the Board may retroactively reverse its policy regarding what cases it should assert jurisdiction over, in order to effectuate the purposes of the Act. It is in regard to the shaping of such policy—wherein flexibility is so essential—that we hold that juristic concepts like the law of the case have no conclusive relevance.

The motion is denied.